**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JANE ANN NOBLITT**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HENRY A. BOOKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1105-CR-221 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause No. 03D01-1011-FA-1449

**February 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Henry A. Booker ("Booker") appeals his conviction for Dealing in a Schedule II Controlled Substance, as a Class A felony.[1] We affirm.

**Issues**

Booker presents three issues for review:

I.      Whether there was sufficient evidence to support the finding that the crime occurred within 1,000 feet of a public park, so as to elevate the offense from a Class B felony to a Class A felony;

II.     Whether the trial court abused its discretion in the instruction of the jury; and

III.    Whether his sentence is inappropriate.

**Facts and Procedural History**

On November 9, 2010, as a result of encounters between Booker and his neighbor, Dennis McCollum ("McCollum"), Booker was charged with Dealing in Methamphetamine and Dealing in a Schedule II Controlled Substance (Oxycodone). Because the encounters took place on McCollum's porch, and the porch is located within 1,000 feet of a Columbus, Indiana public park, the State charged the offenses as Class A felonies.[2]

Booker's jury trial commenced on April 19, 2011 and concluded on the following day. Booker testified in his defense that the encounters were police-controlled buys in which McCollum directed Booker to remain on McCollum's porch while McCollum went to get money from a phantom customer. Booker was acquitted of Dealing in Methamphetamine

---

[1] Ind. Code § 35-48-4-2(a)(1).

[2] The base dealing offense is a Class B felony, but it may be elevated to a Class A felony if committed "within one thousand feet of a public park." Ind. Code § 35-48-4-2(a)(1) – (b)(2)(B)(ii).

2

and convicted of Dealing in a Schedule II Controlled Substance.  He was sentenced to forty years imprisonment, with five years suspended to probation.  This appeal ensued.

**Discussion and Decision**

I.  Sufficiency of the Evidence

In reliance upon Indiana Code Section 35-48-4-16(c), which provides a defense to the elevation of a dealing offense where the person was within 1,000 feet of a public park at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer, Booker claims that the State failed to prove he committed dealing as a Class A felony.  According to Booker, his location was determined by McCollum, acting as a police agent.

In evaluating a claim of insufficiency, we do not reweigh evidence or assess the credibility of witnesses.  Jackson v. State, 709 N.E.2d 326, 329 (Ind. 1999).  We look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is sufficient probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  Id.

McCollum testified that Booker came to his house on multiple occasions, acting on his own initiative, and offered to sell drugs to either McCollum or an acquaintance.  With regard to the exchange on June 29, 2010, for which Booker was convicted, McCollum testified:

State:  Where were you when the defendant showed up at your house?

McCollum:  Sitting in my porch swing, watching … my kids play in the side yard.

State:  And what if anything did the defendant say to you at this time?

3

McCollum: That he had some pain pills that he needed to get rid of, and asked me if I knew anyone that could help him – if I would call the guy that I had called before to take them off of his hands.

State: And what was your response?

McCollum: I could make a phone call and find out, make sure, he may help you if he's available.

State: Did the defendant have the pain pills with him, at that time?

McCollum: Yes, ma'am.

State: And what did you do after you had the conversation with the defendant?

McCollum: I called Officer Steinkoenig, the same way I did the first time and I told him that Henry was back and that he had some pain pills that he wanted to get rid of, and needed somebody to help him. . . . I drove back to the same location, which is in front of my house, sat in the middle of the street. Henry Booker came off of my porch, he had waited at my house. He came off of the porch, handed me the pain pills, I counted the money out for him, and I went back to the Sheriff's Department.

(Tr. 208-11.) On cross-examination, defense counsel asked McCollum if he had told Booker to wait on the porch, and McCollum responded, "Well I told Henry that I would be back, he insisted that he would wait there for me." (Tr. 215.) A Bartholomew County surveyor testified that McCollum's porch was within 1,000 feet of a public park.

There is sufficient evidence from which the jury could conclude that Booker committed the charged offense and that the location of the offense was selected by Booker, as opposed to a law enforcement officer or an agent of a law enforcement officer. Booker's claim that McCollum determined where the drug deal underlying the conviction took place is merely a request to reweigh the evidence.

4

## II. Instruction

The trial court gave Final Instruction No. 7, as follows:

> It is a defense to the crimes charged that Mr. Booker was briefly in, on, or within 1,000 feet of a public park and no person under 18 years of age was in, on, or within 1,000 feet of the public park at the time of the offense.
> It is also a defense to the crimes charged that Mr. Booker was in, on, or within 1,000 feet of a public park at the request or suggestion of a law enforcement officer or an agent of a law enforcement officer.

(App. 70.) Booker claims that this instruction left the jury with a misleading impression that a complete defense to the crime of dealing was available, as opposed to a defense against elevation of the offense to a higher class of felony. According to Booker, this would likely make the jury reluctant to find that the defense had been established.

The record indicates that the foregoing instruction, tracking the statutory language of Indiana Code Section 35-48-4-16(c), was tendered by Booker. "A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error." Kingery v. State, 659 N.E.2d 490, 494 (Ind. 1995). Booker's issue regarding jury instruction is waived. See id.

## III. Sentence

Booker contends that his sentence is inappropriate and should be revised pursuant to Indiana Appellate Rule 7(B). In Reid v. State, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's

5

decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

More recently, the Court reiterated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. One purpose of appellate review is to attempt to "leaven the outliers." Id. at 1225. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224.

A person who commits a Class A felony has a sentencing range of between twenty years and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4. Directing our attention to his low IQ and physical disability, Booker asks that we reduce his sentence to the statutory minimum.

The nature of the crime was that Booker offered to sell McCollum drugs that had been prescribed for Booker. McCollum declined the offer, but indicated that he knew someone willing to make the purchase. McCollum then contacted Sergeant David Steinkoenig of the Bartholomew County Sheriff's Department and arranged a controlled drug buy. Booker waited on McCollum's porch until McCollum returned with money and the exchange was made.

As to the character of the offender, Booker has a lengthy criminal history. From 1980 to 2010, Booker accumulated five prior felonies and seven misdemeanors. The State filed petitions to revoke Booker's probation on six occasions; at least twice his probation was revoked. Booker was on probation at the time of the instant offense. He admitted to a very long history of personal drug abuse and providing illicit drugs to others.

In sum, we do not find that the nature of the offense or the character of the offender renders the forty-year sentence, with five years suspended to probation, inappropriate.

## Conclusion

There is sufficient evidence to support Booker's conviction as a Class A felony. He has demonstrated no abuse of discretion in the trial court's instruction to the jury. Finally, he has not persuaded us that his sentence is inappropriate.

Affirmed.

BAKER, J., and DARDEN, J., concur.